UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

KWASI KIRTON,

                       Defendant.
------------------------------------------------------------X

**ORDER**

20-CR-322 (PMH)

On February 24, 2021, Defendant Kwasi Kirton ("Defendant") moved pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(ii) for inspection and disclosure of the Grand Jury minutes to determine whether the Indictment filed in this case on June 26, 2020 (Doc. 14) should be dismissed pursuant to Federal Rule of Criminal Procedure 12(b)(3)(A)(v) due to prosecutorial misconduct. (Doc. 46). The Government opposed Defendant's motion on March 17, 2021 (Doc. 47), and the Court heard oral argument from the parties on April 13, 2021. Following oral argument, the Court reserved decision and directed the parties to file any supplemental authority concerning Defendant's position by April 16, 2021. (*See* Doc. 48). On April 16, 2021, Defendant's counsel e-mailed a letter[1] to the Court advising that neither he nor the Government had located any controlling case precisely on point. Nevertheless, counsel drew the Court's attention to language in a Second Circuit decision discussing the prosecution's obligations in presenting its case to the Grand Jury.

The Court has reviewed the parties' submissions, the video recording of Defendant's May 15, 2020 interrogation, and the transcript of the June 19, 2020 preliminary hearing before Magistrate Judge Lisa M. Smith. For the reasons set forth below, Defendant's motion is DENIED.

---

[1] Although counsel's letter and transmittal e-mail indicated that the letter was being filed via ECF, the letter does not appear on the docket. Accordingly, for the benefit of a complete record, the Court will file Defendant's April 16, 2021 to the ECF docket.

1

The Federal Rules of Criminal Procedure permit the Court to authorize disclosure of Grand Jury minutes "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). To invoke disclosure under this Rule, "a defendant must demonstrate some grossly prejudicial irregularity or some other particularized need or compelling necessity." *United States v. Gibson*, 175 F. Supp. 2d 532, 534 (S.D.N.Y. 2001). The burden on a party seeking disclosure of grand jury materials is high, as "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). Indeed, the purpose of the Rule "is to protect the secrecy of the Grand Jury proceedings by restricting disclosure to the exceptional case where a particularized need is shown." *United States v. Weinstein*, 511 F.2d 622, 627 (2d Cir. 1975). Accordingly, "allegation[s] of prosecutorial misconduct must be based on more than 'speculation and surmise.'" *Id.* (quoting *United States v. Wilson*, 565 F. Supp. 1416, 1436 (S.D.N.Y. 1983)).

Defendant argues that the Government elicited "false and misleading material evidence to support the indictment," by presenting to the Grand Jury Mount Vernon Police Department Detective Ronnie Williams's testimony concerning his identification of Defendant, which was based on his review of surveillance videos and his prior interactions with Defendant. (Doc. 46 at 5). Defendant argues that this was a prejudicial irregularity that occurred in the Grand Jury process. Detective Williams, who is also a task force officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, interrogated Defendant on May 15, 2020. Defendant argues that it was clear during the interrogation that Detective Williams did not know Defendant; and seizes on a single comment that Detective Williams made to Defendant: "To be honest with you,

it's my first time ever interacting with you, meeting with you."[2] Subsequently, on June 19, 2020, Detective Williams testified as the sole witness at the preliminary hearing before Magistrate Judge Lisa M. Smith, and based on this testimony, Judge Smith found probable cause to detain Defendant on the Complaint. (Doc. 46-2, "Tr."; Doc. 46-3). The premise that Detective Williams's testimony before Judge Smith and his comment to Defendant are somehow evidence of materially false statements made to the Grand Jury is rejected *in toto*.

First, Detective Williams's statements during the interrogation and the testimony at the preliminary hearing are, contrary to Defendant's position, easily read together. At the preliminary hearing, Detective Williams testified that he "encountered [Defendant] in the past . . . [n]umerous times throughout [his] 15-year career" (Tr. 12:9-12); "interacted with [Defendant]" and "dealt with . . . him and his brother[ ] for the majority of [his] career" (*id*. 27:15-18); possibly had conversations "in passing in the street, in the community" (*id*. 28:16-22); had a conversation with Defendant after he was arrested in this case (*id*. 28:19-25); and though he "was never the arresting officer," Detective Williams was a backup officer "when [Defendant] was going to be taken into custody or was taken into custody" (*id*. 29:3-7). Detective Williams's comment that interrogating Defendant on May 15, 2020 was his first time "interacting with [Defendant], meeting with [Defendant]" can be easily understood to mean that it was his first time arresting and interrogating Defendant. In any event, there were at least four other individuals who identified the individual in the surveillance videos to be Defendant, including another law enforcement officer who was present when Detective Williams was interrogating Defendant.

---

[2] A copy of the video recording of the interrogation was provided to Chambers for its inspection and review.

Second, the Court will not "lift unnecessarily the veil of secrecy from the grand jury" on the record before it in this case. *Douglas Oil*, 441 U.S. at 219. Defendant has not met his burden of demonstrating that these statements constitute "some grossly prejudicial irregularity or some other particularized need or compelling necessity" to permit the inspection and disclosure of the Grand Jury minutes in this case. *Gibson*, 175 F. Supp. 2d at 534. Defendant's allegations of prosecutorial misconduct are, under these circumstances, nothing more than the kind of "speculation and surmise" that is insufficient to grant Defendant the relief he seeks on this motion; and not of the type or caliber sufficient to meet the "exceptional case" requirement. *Weinstein*, 511 F.2d at 627.

Based upon the foregoing, Defendant's motion to inspect and disclose the Grant Jury minutes to determine whether the Indictment should be dismissed due to prosecutorial misconduct is DENIED. The Clerk of Court is respectfully directed to terminate the motion (Doc. 46).

SO-ORDERED:

Dated: White Plains, New York
       April 20, 2021

_____
Philip M. Halpern
United States District Judge