UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

KWASI KIRTON,

                         Defendant.
---------------------------------------------------------X

**ORDER**

20-CR-00322 (PMH)

PHILIP M. HALPERN, United States District Judge:

On September 21, 2021, Kwasi Kirton ("Defendant") moved by letter-motion for reconsideration of the Court's April 20, 2021 Order (the "Prior Order") (Doc. 50, "Ord.") which denied Defendant's motion for inspection and disclosure of the Grand Jury minutes and dismissal of the Indictment due to prosecutorial misconduct. (Doc. 70). The basis of Defendant's instant motion is a letter that was produced by the Government to defense counsel on August 25, 2021 from the Westchester County District Attorney's Office (the "DA's Office") to the Mount Vernon Police Department ("MVPD") dated August 18, 2021 ("WCDAO Letter"). The WCDAO Letter concerns the DA's Office's investigation of two incidents unrelated to this case involving certain MVPD personnel and summarizes its findings in connection therewith. The Court assumes the parties' familiarity with the factual allegations as laid out in the Prior Order and incorporates any additional factual allegations where appropriate *infra*.

Under Local Criminal Rule 49.1, "[a] motion for reconsideration or reargument of a Court order determining a motion shall be filed and served within fourteen (14) days after the Court's determination of the original motion. A memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked shall accompany the motion." Local Crim. R. 49.1(d). Although Defendant's motion is untimely, courts retain

1

discretion to excuse an untimely filing for good cause shown, and the Court will do so here. *See United States v. Lisi*, No. 15-CR-00457, 2020 WL 1331955, at *1 (S.D.N.Y. Mar. 23, 2020).

Generally, courts apply the standard of Local Civil Rule 6.3 in deciding motions brought under Local Criminal Rule 49.1(d). *United States v. Baldeo*, No. S1-13-CR-00125, 2015 WL 252414, at *1 (S.D.N.Y. Jan. 20, 2015), *aff'd*, 615 F. App'x 26 (2d Cir. 2015). Under this standard, "[a] motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Tolliver v. Jordan*, No. 19-CV-11823, 2021 WL 2741728, at *9 (S.D.N.Y. July 1, 2021) (quoting *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009)). "Motions for reconsideration 'must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court.'" *Id.* (quoting *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000)). This motion is predicated exclusively on newly discovered evidence: the WCDAO Letter; and as such it is, in and of itself, a reason to deny a reconsideration motion. Reconsideration does not encompass arguments concerning new facts.

In any event, Defendant contends on this motion that had the newly disclosed WCDAO Letter been available to the defense prior to the Preliminary Hearing in this case, the credibility of the Government's witness, MVPD Detective Ronnie Williams, would have been negatively

impacted and therefore the outcome of the Preliminary Hearing would have been different.[1] Defendant again argues that Detective Williams, as lead agent, "likely" testified in the Grand Jury and presumes that his testimony was likely the same as that which he swore to at the Preliminary Hearing before Magistrate Judge Smith. Defendant maintains that this Court would have granted Defendant's motion for disclosure of the Grand Jury minutes and dismissal of the Indictment had it known of the WCDAO Letter and Detective Williams's failure to disclose one of the two incidents described therein to the Government prior to Preliminary Hearing because the events call his credibility into question.[2]

The Court's prior determination that "Detective Williams's statements during the interrogation and the testimony at the preliminary hearing are . . . easily read together" (Ord. at 3) is not undermined by the WCDAO Letter or Detective Williams's purported failure to disclose. In other words, even if the Court knew of the WCDAO Letter and circumstances described by Defendant when it decided the original motion, the Court still would have found that "Defendant ha[d] not met his burden of demonstrating that these statements constitute 'some grossly prejudicial irregularity or some other particularized need or compelling necessity' to permit the inspection and disclosure of the Grand Jury minutes in this case." (Ord. at 4 (quoting *United States v. Gibson*, 175 F. Supp. 2d 532, 534 (S.D.N.Y. 2001)). Detective Williams's credibility, even assuming that it was impaired by the WCDAO Letter and his failure to disclose,

---

[1] To the extent that Defendant challenges Magistrate Judge Smith's finding of probable cause at the Preliminary Hearing, the returning of the Indictment by the Grand Jury rendered moot the Magistrate Judge's determination concerning probable cause. *United States v. Allen*, No. 20-CR-00242, 2020 WL 4504639, at *3 (E.D.N.Y. Aug. 5, 2020); *see also United States v. Permisohn*, 339 F. Supp. 52, 56 (S.D.N.Y. 1971) ("Once an indictment is filed . . . the need for a preliminary hearing is obviated, the returning of an indictment, itself, constituting an independent finding of probable cause by the grand jury.").

[2] One of the incidents identified in the WCDAO Letter occurred in April 2017. The other incident occurred in October 2020, months after the Preliminary Hearing and the Indictment, and therefore could not have been disclosed as it had not yet even happened.

does not affect this Court's analysis. Credibility of this witness is collateral to, and does not sufficiently change, the circumstances to warrant a decision contrary to the earlier one made herein.

As set forth in the Prior Order, the Court may authorize disclosure of Grand Jury minutes "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). The party seeking disclosure must show that disclosure "is needed to avoid a possible injustice in another judicial proceeding." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979). A defendant challenging a grand jury proceeding faces significant hurdles, as a "presumption of regularity" applies to grand jury proceedings. *United States v. R. Enters., Inc.*, 498 U.S. 292, 301 (1991); *Hamling v. United States*, 418 U.S. 87, 139 n.23 (1974). A showing of "some grossly prejudicial irregularity or some other particularized need or compelling necessity" is required to invoke disclosure under the Rule. *Gibson*, 175 F. Supp. 2d at 534. Thus, a defendant's "allegation[s] of prosecutorial misconduct must be based on more than 'speculation and surmise.'" *Id.* (quoting *United States v. Wilson*, 565 F. Supp. 1416, 1436 (S.D.N.Y. 1983)).

The allegation of prosecutorial misconduct is no more availing on reconsideration than it was on the original motion. Assuming Detective Williams testified before the Grand Jury, assuming the Indictment was grounded on his sole testimony, and assuming his testimony before the Grand Jury was identical to his testimony at the Preliminary Hearing, the WCDAO Letter does not alter this Court's determination that insufficient grounds exist to disclose the Grand Jury minutes and dismiss the Indictment. The Government was not under a duty to inform the Grand Jury of an investigation such as the one described in the WCDAO Letter or to otherwise present exculpatory material to the Grand Jury. *See United States v. Regan*, 103 F.3d 1072, 1081 (2d Cir.

1997) ("The government had no obligation to present exculpatory material to a grand jury."); *see also United States v. Williams*, 504 U.S. 36, 51-52 (the grand jury does not sit as an adjudicatory body, but rather to "assess whether there is adequate basis for bringing a criminal charge. . . . Imposing upon the prosecutor a legal obligation to present exculpatory evidence in his possession would be incompatible with this system"). To the extent Defendant's argument is that the prosecutorial misconduct is predicated upon the Government's failure to apprise the Grand Jury of the investigation of an incident set forth in the WCDAO Letter,[3] such argument is rejected. To attribute prosecutorial misconduct to the receipt of the WCDAO Letter is nothing more than speculation. Nothing before the Court indicates there is or ever was any prosecutorial misconduct. Indeed, there is no prejudicial prosecutorial misconduct that can arise from the Government's failure to raise impeachment—i.e., credibility—material such as the incident described in the WCDAO Letter to the Grand Jury. *See Regan*, 103 F.3d at 1080-81.

The Court also rejects Defendant's argument that the Government must have presented false testimony to the Grand Jury because the WCDAO Letter demonstrates that Detective Williams "would have no reservations in" lying before the Grand Jury. (Doc. 78 at 3). Again, the premise—that the Government presented false testimony to the Grand Jury—is rank conjecture and speculation. In reality, the Court's review of the WCDAO letter has not produced a scintilla of proof concerning the topic of prosecutorial misconduct. Detective Williams's failure to disclose the incident described in the WCDAO Letter to the Government prior to the Preliminary Hearing does not lead to the conclusion that he testified falsely to the Grand Jury, assuming he testified at all, concerning his identification of Defendant. The argument that the Government, in

---

[3] Defendant states in his Reply that he did not advance the argument that the Government has an obligation to present exculpatory material to the grand jury. (Doc. 78 at 3).

turn, permitted him to present purportedly false testimony is, again, the type of "speculation and surmise" that is insufficient to grant Defendant the relief he seeks. *Weinstein*, 511 F.2d at 627.

Based on the foregoing, Defendant's motion for reconsideration is DENIED. Trial will proceed as scheduled on December 13, 2021, and all deadlines set forth in the Court's September 1, 2021 Order (Doc. 69) remain in effect. The Clerk of Court is respectfully directed to terminate the motion (Doc. 70).

SO-ORDERED:

Dated: White Plains, New York
       November 15, 2021

_____
Philip M. Halpern
United States District Judge